# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C., DRAGGIN' Y CATTLE COMPANY INC., and ROGER and CARRIE PETERS, individuals,<br><br>Defendants. | **CV-14-83-BMM**<br>**CV-19-34-BMM**<br><br>ORDER |
| DRAGGIN' Y CATTLE COMPANY, INC., and ROGER and CARRIE PETERS, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C.,<br><br>Defendant/Third-Party Plaintiff<br><br>vs. | |

1

| NEW YORK MARINE AND |
| GENERAL INSURANCE |
| COMPANY, |
| |
|       Intervenor/Third-|
|       Party Defendant. |

## **INTRODUCTION**

Plaintiff New York Marine and General Insurance Company ("NYM") filed a motion in limine on December 27, 2019, asking this Court to disqualify defense counsel Timothy Strauch as trial counsel in this action. (Doc. 441.) NYM contends that Mr. Strauch possesses "unique knowledge of various facts relating to the defense and settlement of the litigation" brought by Defendant Draggin' Y Cattle Company, Inc. ("Draggin' Y"), and Defendants Roger and Carrie Peters ("Peterses") against Defendant Junkermier, Clark, Campanella, Stevens, P.C. ("JCCS") (collectively "Defendants"). (Doc. 442 at 1.) Defendants oppose the motion. (Doc. 458.)

The Court originally informed the parties that it would conduct a hearing on all of NYM's motions in limine on February 7, 2020. That hearing was vacated to allow the parties to attend a settlement conference set at the request of the parties for February 7, 2020. The Court having reviewed the briefs filed by the parties has determined that the motion can be decided without the benefit of a hearing.

## BACKGROUND AND DISCUSSION

Mr. Strauch represented Draggin' Y and the Peterses in an action that they brought against JCCS and Larry Addink in 2008. (Doc. 442 at 3.) NYM provided Patrick HagEstad to represent its insured, JCCS, under the terms of its insurance policy. *Id.* at 4. Mr. Addink retained Michael Cok as separate counsel. *Id.* JCCS later retained Thomas Marra and Kirk Evenson as "personal" counsel in June, 2014, after Mr. HagEstad advised that he could not recommend to NYM that JCCS should settle the action for policy limits of $2 million. *Id.*

JCCS entered into a stipulated settlement with Draggin' Y and the Peterses on November 14, 2014. *Id.* JCCS agreed to a judgment against it of $10 million and assigned to Draggin' Y and the Peterses its rights under the insurance policy with NYM. *Id.* In return, Draggin' Y and the Peterses signed a covenant not to execute the judgment against JCCS. *Id.* Draggin' Y and the Peterses also agreed to indemnify and defend JCCS in any action brought by NYM under the insurance policy. *Id.* The parties also dismissed Mr. Addink from the case. *Id.* JCCS provided the entire case filed created by Mr. HagEstad to Mr. Strauch. *Id.*

NYM filed this action for declaratory judgment and breach of contract on November 20, 2014. Under the agreement, Defendants retained Mr. Strauch to represent them. NYM contends that Mr. Strauch has appeared on behalf of JCCS

and Draggin' Y in this action even though they technically remained adverse parties for another five years until the Montana state district court approved the stipulated judgment on June 17, 2019. *Id.* at 5. NYM argues that Mr. Strauch seeks to serve as trial counsel in this matter. *Id.* NYM suggests that Mr. Strauch "is the only witness who can testify as to many of the factual issues" relating to the state court claims, litigation strategy for those claims, and the eventual settlement reached in the state court action. *Id.*

Defendants counter that Mr. Strauch has no intention of acting as an advocate in this case if the Court allows Draggin' Y and the Peterses to proceed with third-party bad faith claims against NYM. (Doc. 458 at 5.) The Court allowed Draggin' Y and the Peterses to bring third-party bad faith claims against NYM. (Doc. 460 at 17-22.) Defendants now ask the Court to allow Mr. Strauch "to sit at counsel table as an integral part of the defense team." (Doc. 458 at 5.) The Court declines the request.

Defendants argue that NYM's delay in bringing this motion warrants denial. This argument ignores the fact that questions remained whether NYM's action presented a live case or controversy until a Montana state court entered the stipulated judgment. In fact, the Court stayed this proceeding for extended periods to allow the Montana state court action to proceed. (Doc. 225.) The parties litigated

4

the enforceability of the stipulated judgment against NYM for about five years. This litigation included two separate reasonableness hearings, multiple Montana district court orders, and several trips to the Montana Supreme Court. (Doc. 474 at 3-8.) It was only after the Montana Supreme Court's decision in *Draggin' Y Cattle Company, Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 439 P.3d 935 (Mont. 2019), the rush to get a second order on the reasonableness of the stipulated judgment from the Montana state district court, the decision to dismiss voluntarily JCCS's bad faith claims against NYM in this Court in a thwarted effort to consolidate proceedings in the Montana state district court, (Doc. 306), the removal of the Montana state court proceeding to federal court, and its consolidation with this case, (Doc. 376), that this litigation finally came into focus.

Mr. Strauch will testify as a witness in this matter and NYM intends to depose him. (Doc. 480 at 3.) Mr. Strauch has been one of the few constants throughout this entire matter. His original co-counsel, Don Harris, withdrew from the case. (Doc. 244.) JCCS retained Mr. Marra as "personal counsel" in June 2014. (Doc. 442 at 4.) Mr. Strauch possesses factual information that would be admissible at trial that remains unavailable from other sources. *See Timlick v. Liberty Mut. Ins. Co.*, 2019 WL 4934782, at *3 (D. Mont. Oct. 7, 2019). Mr. Strauch's presence at counsel table risks confusing the jury as to his role as an

advocate and a witness at trial. Montana Rule of Professional Conduct 3.7 protects the interests of all parties, the reputation of the legal profession and "avoids placing the advocate in the unseemly position of arguing his own credibility to the jury." *Nelson v. Hartford Ins. Co.*, 2012 WL 761965, at *3 (D. Mont. Mar. 8, 2012) (brackets omitted). This Court will not needlessly strain the reputation of the legal profession.

## ORDER

Accordingly, **IT IS ORDERED** that this NYM's motion in limine (Doc. 441) to disqualify Mr. Strauch as counsel is **GRANTED**.

DATED this 3rd day of February 2020.

_____
Brian Morris
United States District Court Judge