# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| NEW YORK MARINE AND GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C., DRAGGIN' Y CATTLE COMPANY INC., and ROGER and CARRIE PETERS, individuals,<br><br>Defendants. | **CV-14-83-BMM**<br>**CV-19-34-BMM**<br><br>O<small>RDER</small> |
| DRAGGIN' Y CATTLE COMPANY, INC., and ROGER and CARRIE PETERS, individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNKERMIER, CLARK, CAMPANELLA, STEVENS, P.C.,<br><br>Defendant/Third-Party Plaintiff<br><br>vs. | |

1

| NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | |
|---|---|
| | Intervenor/Third-Party Defendant. |

## **INTRODUCTION**

Defendant Junkermier, Clark, Campanella, Stevens, P.C. ("JCCS") filed its motion in limine (Doc. 368) on August 29, 2019, in compliance with the scheduling order in place at that time. At a telephone conference on January 3, 2020, the Court ordered Plaintiff New York Marine and General Insurance Company ("NYM") to file a response to JCCS's motion in limine by January 17, 2020. The Court also ordered NYM to file any reply brief by January 31, 2020. (Doc. 451.) The Court granted JCCS an extension to file its reply brief any time up to and including February 10, 2020. (Doc. 485.) The Court cautioned JCCS that while it would entertain a reply brief filed after the initial January 31, 2020, deadline, the Court likely would resolve JCCS's motion in limine before February 10, 2020. The Court also originally informed the parties that it would conduct a hearing on all of NYM's motions in limine on February 7, 2020. That hearing has been vacated so the parties may attend a settlement conference with Magistrate Judge John Johnston.

2

The motion in limine was ripe for this Court's review under the local rules as of January 17, 2020. The Court having reviewed the briefs filed by the parties has determined that the motion can be decided without the benefit of a hearing and without the need for JCCS to file a reply brief.

JCCS's asks this Court to preclude NYM from offering evidence falling within the following five categories: 1) challenges to the reasonableness and validity of the state court judgment; 2) statements made at mediation proceedings; 3) damages that have not been the subject of a proper disclosure including a computation or the basis for that damage; 4) undisclosed expert testimony; and 5) expert testimony on conclusions of law and/or irrelevant issues.

## **DISCUSSION**

**Challenges to the Reasonableness and Validity of the State Court Judgment**

This Court issued an order on January 23, 2020, that instructs all parties to refrain from mentioning any of the three state court orders regarding the reasonableness of the $10 million stipulated judgment during the upcoming trial. The Court also instructed the parties to have their witnesses refrain from mentioning the state district court's orders regarding the reasonableness of the $10 million stipulated judgment. (Doc. 473.) That order remains in effect and this

Court will not hesitate to impose sanctions on any offending party who violates that order.

JCCS seeks to use that order, which the parties and witnesses cannot mention at trial, as collateral estoppel to preclude NYM from attacking or challenging the reasonableness and validity of the stipulated judgment. (Doc. 369 at 10-17.) Both parties agree that collateral estoppel under Montana law applies a four-part test:

> (1) both proceedings involved the same parties or their privies; (2) the same issue was at issue and conclusively decided on the merits in the prior litigation; (3) the prior proceeding afforded the party or privy against whom estoppel is asserted a full and fair opportunity to litigate the issue; and (4) the prior proceeding resulted in a final judgment.

*State v. Huffine*, 422 P.3d 102, 108 (Mont. 2018). This doctrine attempts to balance the need for finality and stability regardless of procedural flaws on the one hand with the need to reexamine previous decisions "if the initial engagement of the merits was inadequate." *Id.* at 107.

Here, the third factor weighs significantly in favor of inadequate consideration of the merits. This Court previously outlined the problems with the state district court's ruling on whether the stipulated judgment was fair and reasonable. (*See* Doc. 474.) Nevertheless, the Court will briefly outline again why it does not find persuasive JCCS's claim that the

Montana state district court "examined the reasonableness of the settlement three separate times and always found it reasonable." (Doc. 369 at 15.)

To start, the Montana Supreme Court has vacated two of those three orders. The first vacated order was issued by a judge operating under a conflict of interest that eventually led to his disqualification. (Doc. 474 (citing *Draggin' Y Cattle Company, Inc., v. Junkermier, Clark, Campanella, Stevens, P.C.*, 395 P.3d 497, 503 (Mont. 2017)).) That judge never allowed any party to engage in discovery before issuing his order. (*Id.* (citing *Draggin' Y Cattle Company, Inc., v. Junkermier, Clark, Campanella, Stevens, P.C.*, 2014 WL 8880330, *2 (Mont. Dist. 2014)).)

The second order holding that the stipulated judgment came after limited discovery involving depositions limited to 1.5 hours and no written or document discovery. The Montana Supreme Court then vacated that order when it outlined a number of legal problems with the second order. *Draggin' Y Cattle Company, Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 439 P.3d 935 (Mont. 2019).

Further, that third order largely copied and pasted the language from the second order, except for a small portion of the opinion that addressed just one of the multiple legal problems that the Montana Supreme Court

5

raised in vacating the second order. *Compare* Doc. 324-1 *with* Doc. 246-1. NYM hardly stands blameless for the many problems that have arisen because of the conduct of the parties in these proceedings. To call the Montana state district court proceedings a "full and fair opportunity" to litigate the reasonableness of the stipulated judgment proves too much of a stretch, however, for this Court to apply collateral estoppel.

**Evidence of Mediation Proceedings**

JCCS argues that discovery "regarding the events occurring at and alleged discussions during mediation between JCCS and the Petersens in 2014" should be excluded. JCCS relies exclusively on Montana's statutory mediation privilege found at Montana Code Ann. § 26-1-813. This rule of evidence generally states that mediations are confidential and use of the mediator's files and records are closed "to all persons unless the parties and the mediator mutually agree otherwise." *Id.* § 26-1-813(3).

The Montana Supreme Court has provided clear instructions on the scope of § 26-1-813. The privilege enshrined in that statute extends only to communications made during the mediation. It does not extend to communications made outside the mediation, regardless of whether those communications discuss what happened in the mediation. *See Kluver v.*

*PPL Montana*, 293 P.3d 817, 828 (Mont. 2012); *In re Estate of Stuckey*, 100 P.3d 114, 125 (Mont. 2004); *Wall v. Wall*, 369 P.3d 356 (Mont. 2016) (unpublished opinion).

JCCS fails to explain exactly what evidence it wants excluded as related to the mediation. For now, the Court will grant their request to exclude parties from discussing what was said at the mediation, "with the exception of such information as who was physically present at the mediation, when it began and ended, and any other non-verbal conduct that was not intended as an assertion." *Kluver*, 293 P.3d at 829. The Court's order does not extend to any communications made outside of the mediation, including those communications about the mediation itself. *Id.* at 828.

**Damages Lacking Adequate Disclosure Should be Executed**

JCCS seeks to evidence of damages for NYM's breach of contract claims that were not adequately disclosed. JCCS claims that NYM has failed to provide a computation of its damages, but concedes that NYM has disclosed that it will claim $233,000 in damages in the form of legal fees paid to Patrick HagEstad and Brad Luck, plus costs. (Doc. 369 at 3.) NYM argues that it has provided JCCS with invoices outlining the legal fees paid

7

to HagEstad and Luck, and thus no computation is required. (Doc. 466 at 5-6.)

The Court will defer ruling on whether these damages have been adequately disclosed until trial. That said, the Court will not allow any evidence of damages lacking adequate disclosure.

**Undisclosed Expert Testimony**

JCCS claims that NYM "has attempted to solicit expert opinions in depositions from a number of non-retained witnesses and identified exhibits in which such opinions are expressed" by the following people: Patrick HagEstad, Thomas Jambor, Jonathan Zayle, Paul Kush, and William Whalen. JCCS further claims that NYM has not complied with the Federal Rules of Evidence's disclosure requirements for expert witnesses. (Doc. 369 at 5-7.) NYM maintains that none of these individuals will give expert testimony. According to NYM, to "the extent [these witnesses] are called at trial, these witnesses will testify as to their personal knowledge and experience." (Doc. 466 at 9.)

HagEstad, Jambor, Zayle, Kush, and Whalen all took part in the defense of JCCS in the state court litigation. Their experiences in doing so prove directly relevant to the claims that will proceed to trial. The Court

8

will allow these witnesses to testify as to their actions and the actions of others. These five witnesses will not be allowed, however, to give opinion testimony. The Court further finds that NYM has adequately complied with the Federal Rules of Evidence disclosure requirements for the testimony of Mark Williams and Guy Kornblum. These disclosures look similar to the disclosures that JCCS provided for its expert witness Brad Anderson. (Doc. 446-1; Doc. 488 (denying NYM's motion in limine to exclude testimony from Brad Anderson as an expert witness).)

**Expert Testimony on Conclusions of Law and/or Irrelevant Issues**

JCCS claims that NYM's two designated expert witnesses—Mark Williams and Guy Kornblum—should have their testimony excluded to the extent it discusses irrelevant issues and conclusions of law. JCCS alleges that NYM's experts improperly will testify that NYM's conduct was reasonable and that said testimony regarding the reasonableness of NYM's conduct will be irrelevant at trial. JCCS further claims that the opinion testimony from Williams and Kornblum represents the "kind of opinion testimony [that] would be an inadmissible opinion on a conclusion of law."

The Court previously has made clear that NYM's actions stand central to the claims currently pending in this litigation. (Doc. 406.) NYM's

9

expert opinion testimony as to the reasonableness of NYM's actions proves relevant to these claims. As related to whether Williams and Kornblum will testify to conclusions of law, the Court will limit their testimony as necessary at trial to prevent Williams and Kornblum from testifying about conclusions of law. *See* Fed. R. Evid. 702 & 704.

## **ORDER**

Accordingly, **IT IS ORDERED** that Defendant Junkermier, Clark, Campanella, Stevens, P.C. ("JCCS") motion in limine (Doc. 368) is **GRANTED, IN PART**, and **DENIED, IN PART**.

DATED this 3rd day of February, 2020.

*/s/ Brian Morris*
_____
Brian Morris
United States District Court Judge